UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIELLE HOTARD, INDIVIDUALLY AND AS THE NATURAL TUTRIX OF HER MINOR SON, MIDAN KIDDER | * * * * | CIVIL ACTION<br><br>NO. |
| VERSUS | * * | MAGISTRATE |
| WAL-MART LOUISIANA, LLC | * * | SECTION |

## NOTICE OF REMOVAL

TO:  The Honorable Judges
     For the United States District Court
     For the Eastern District of Louisiana

**PLEASE TAKE NOTICE:**

Defendant, Wal-Mart Louisiana, LLC ("Wal-Mart"), submits this Notice of Removal pursuant to 28 USC §1332 and 1441, and hereby requests removal of this civil action from the 34th Judicial District Court, Parish of St. Bernard, State of Louisiana, to the docket of this Honorable Court on the grounds set forth herein.

1.

On March 6, 2012, Danielle Hotard, individually and as the natural tutrix of her minor son, Midan Kidder, instituted this litigation against Wal-Mart Louisiana, LLC in the 34th Judicial District Court, Parish of St. Bernard, State of Louisiana, bearing case number 118-892, Division

"D", and entitled *"Danielle Hotard, individually and as the natural tutrix of her minor son, Midan Kidder v. Wal-Mart Louisiana, LLC.* (See Plaintiff's Petition for Damages attached hereto as Exhibit "A").

2.

Wal-Mart Louisiana, LLC was served through its Agent for Service of Process, CT Corporation, with a copy of the Citation and Petition on March 21, 2012. (See CT Corporation's Service of Process Transmittal attached hereto as Exhibit "B").

3.

This lawsuit seeks damages from Wal-Mart Louisiana, LLC for personal injury damages allegedly sustained by the minor child while operating a Nintendo machine in the Chalmette store on or about March 10, 2011.

I.  **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between - (1) citizens of different States."

A.  **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

5.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two

ways: (1) by demonstrating that it is 'facially apparent' from the Petition that the claim likely exceeds $75,000.00, or (2) 'by setting forth the facts in controversy - preferably in the removal petition, but sometimes by Affidavit, that support a finding of the requisite amount.'" Grant v. Chevron Phillips Chem. Co., 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (*quoting* Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

6.

Plaintiff has alleged injuries, including permanent scarring, that if true, which defendant vehemently denies, places the amount in controversy at a figure that exceeds the sum or value of $75,000.00, exclusive of interest and costs. In Paragraph 6 and 7 of plaintiff's Petition for Damages, Danielle Hotard outlines the following injuries on behalf of her young child: physical pain and suffering, a scar to his face, and physical pain and suffering and medical expenses.

7.

Nowhere in plaintiff's Petition does she outline the exact amount of her damages on behalf of the minor child nor does she offer a binding stipulation that she will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as required by the dictate of Davis v. State Farm, No. 06-560, Slip Op. (E.D. La. 06/07/06).

8.

While defendant admits no liability or any element of damages, Wal-Mart has met its burden of showing that the amount in controversy in this litigation exceeds $75,000.00, exclusive of interest and costs.

B.  **COMPLETE DIVERSITY**

9.

Defendant, Wal-Mart Louisiana, LLC, is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas, and that is composed of two partners; namely, WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas, and the sole member of said two limited liability companies is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas. All shares of stock in Wal-Mart Stores East, Inc. are owned by Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

10.

Wal-Mart Louisiana, LLC, who plaintiff sued in this matter, has its domiciliary in the State of Arkansas.

11.

Plaintiff is a resident and domiciliary of the Parish of Orleans, State of Louisiana.

12.

Because there are no other defendants in this matter, there exists complete diversity of citizenship between the plaintiff, Danielle Hotard, who resides in Louisiana, and the defendant, Wal-Mart Louisiana, LLC, whose domicile is in Arkansas.

13.

This is a civil action over which the United States District Court for the Eastern District of Louisiana holds concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the verbiage in plaintiff's Petition for Damages, allegedly exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and thus, complete diversity exists between the adverse parties.

## II.   WAL-MART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

14.

Wal-Mart Louisiana, LLC was served with the Petition for Damages through its agent for service of process, CT Corporation Systems, on March 21, 2012.

15.

This Notice of Removal was filed within thirty days of first receipt by Wal-Mart of a copy of the Petition setting forth the claim or relief upon which this action is based, and is, therefore, timely pursuant to 28 U.S.C. § 1446(b).

16.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

17.

The 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Accordingly, venue is proper and in accordance with 28 U.S.C. § 1448 (a) because it is the "district and division embracing the place where such action is pending."

18.

No previous application has been made by Wal-Mart Louisiana, LLC in this case for the relief requested herein.

19.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit "A." Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Danielle Hotard, individually and as the natural tutrix of her minor son, Midan Kidder, and a copy is being filed with the Clerk of Court for the 34th Judicial District Court, Parish of St. Bernard, State of Louisiana.

20.

Wal-Mart has filed into the state court record a Motion for Extension of Time to Plead. (See Motion for Extension of Time attached hereto as Exhibit "C").

21.

Defendant, Wal-Mart Louisiana, LLC, desires and is entitled to a **Trial by Jury** herein of all issues.

**WHEREFORE**, premises considered, defendant, Wal-Mart Louisiana, LLC, hereby requests that this action be removed to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

*/s/ DONNA BRAMLETT WOOD*
THOMAS P. ANZELMO (Bar No. 2533)
DONNA BRAMLETT WOOD, (Bar No. 22692)
McCRANIE, SISTRUNK, ANZELMO,
　　　HARDY, McDANIEL & WELCH, LLC
3445 N. Causeway Boulevard, Suite 800
Metairie, LA   70002
Telephone:  (504) 831-0946
Facsimile: (504) 831-2492
E-Mail:  dbw@mcsalaw.com
**ATTORNEYS FOR DEFENDANT,
WAL-MART LOUISIANA, LLC**

## CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed, this 12th day of April, 2012.

*/s/ DONNA BRAMLETT WOOD*
DONNA BRAMLETT WOOD